IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

RICHARD STADTMAUER AND )
MARISA STADTMAUER )
 )
      Petitioners, )    Civil Action No. 20-CV-
 )
v. )
 )
MARK NORDLICHT )
 )
      Respondent. )

---

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioners Richard Stadtmauer and Marisa Stadtmauer bring this petition pursuant to 9 U.S.C. § 9 to confirm an arbitration award (the "Final Award") rendered against Respondent Mark Nordlicht on January 10, 2020, in the arbitration *In the Matter of the JAMS Arbitration Between Richard Stadtmauer and Marisa Stadtmauer vs. Mark Nordlicht*, administered by the Hon. Bernard J. Fried (Ret.) of JAMS.

### The Parties

1. Petitioners Richard Stadtmauer and Marisa Stadtmauer are citizens of New Jersey.

2. Respondent Mark Nordlicht is a citizen of New York state.

### Jurisdiction and Venue

3. The Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000 and is between citizens of different States.

4. The Court has personal jurisdiction over Mark Nordlicht because he is a citizen of New York state and the Final Award was made in this District. 9 U.S.C. § 9.

5. Venue is proper in this District under 9 U.S.C. § 9 because the arbitration agreement between Petitioners and Respondent specified that judgment on an arbitration award could be entered in any court of competent jurisdiction in the city of New York and the state of New York or as otherwise provided by law, and the Final Award was made in this district.

## Facts

6. On May 27, 2016, Respondent executed a personal guaranty (the "Guaranty") of a pair of promissory notes issued to Plaintiffs ("the Notes"). The Guaranty provided that, in the event that certain covenants in the underlying Notes were breached, "the outstanding Obligations under the [Notes] shall become fully recourse to the Guarantor." The Guaranty also required Respondent to "pay all costs incurred by any Lender in collecting any amount payable under this Guaranty."

7. The Parties agreed that, in the event of any dispute arising out of, relating to, or in connection with the Guaranty, such dispute would be resolved exclusively by arbitration in New York and that any award rendered by the arbitrator would be final and binding.

8. The Guaranty was triggered by the breach of covenants in the underlying Notes, on which the primary obligor defaulted, leading Petitioners to file a claim in arbitration against Respondent in November 2016. Evidence was presented, and on April 29, 2019, Petitioners moved for summary disposition of their claims against Respondent. Oral argument was held on November 22, 2019. On January 2, 2020, the JAMS arbitrator issued a decision granting Petitioners' motion for summary disposition.

9. On January 10, 2020, the JAMS arbitrator issued a Final Award, awarding Petitioners a total award of $14,896,316.16, with interest continuing to accrue on the principal amount of $10,505,096.31 at a rate of 11% per annum, in full settlement of all claims submitted in the arbitration.

**Demand for Relief**

WHEREFORE, Petitioners respectfully request that:

1. This Court enter an order confirming the arbitrator's January 10, 2020 Final Award, and

2. This Court enter judgment against Respondent in the amount of $14,896,316.16, with interest continuing to accrue on the principal amount of $10,505,096.31 at a rate of 11% per annum.

Dated: January 14, 2020

        Respectfully submitted,

        STEPTOE & JOHNSON LLP

        By:  /s/ Nathaniel J. Kritzer

        Nathaniel J. Kritzer
        Evan Glassman
        1114 Avenue of the Americas
        New York, New York 10036
        Tel: (212) 506-3900
        Fax: (212) 506-3950
        nkritzer@steptoe.com
        eglassman@steptoe.com

        *Counsel for Richard Stadtmauer and*
        *Marisa Stadtmauer, Petitioners.*